IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
Southern Division – Central Divisional Area

| | |
|---|---|
| CAPSTONE BUILDING CORPORATION ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. CV 2008 - _____ |
| ) | |
| AMERICAN MOTORIST INSURANCE ) | |
| COMPANY, INC., ) | |
| ) | |
| Defendant. ) | |

## NOTICE OF REMOVAL

COME NOW the Defendant, American Motorist Insurance Company, Inc. the successor in interest for American Protection Insurance Company, and pursuant to the provisions of 28 U.S.C. 1332, 1441(a) and 1441(b), hereby files this Notice of Removal of the above-referenced action to the United States District Court for the Northern District, Southern Division of Alabama. In support of this removal, defendant states as follows:

1. The action is a civil action for breach of contract and bad faith, , and the United States District Court for the Northern District has jurisdiction by reason of diversity of citizenship of the parties.

2. At all times and on February 27, 2008 when the action was commenced in the Circuit Court of Jefferson County, Plaintiff was, and now is, a corporation organized under the laws of the State of Alabama, and having its principle place of business in the State of Alabama.

3. At all times, and on March 3, 2008, when the removing party was served with a Summons and Complaint Defendant American Motorist Insurance Company, Inc. as successor in interest for American Protection Insurance Company was, and now is, a corporation organized,

formed and incorporated in and under the laws of the State of Illinois, and having its principle place of business in Illinois

    4.    The matter in controversy exceeds, exclusive of cost and disbursements, the sum of $75,000.00. When there is an unspecified claim for damages such as those contained in the present complaint, a removing defendant need not meet the rigid legal certainty standard articulated in cases where the plaintiff expressly claims less than the jurisdictional minimum amount of $75,000. *Lowe's OK'd Used Cars, Inc. v. Acceptance Ins. Co.*, 995 F.Supp. 1388, 1389 (M.D.Ala. 1998). The underlying claims involve payment of a settlement for remedial cost expenses and damages to the University of Connecticut plus legal fees and expenses that have been claimed to be in excess a million dollars.[1] See attached demand letter attached hereto as Exhibit # 3. A demand letter can constitute an "other paper" by which jurisdiction may be established by a preponderance of the evidence when there is no *ad damnum* clause praying for more than $75,000. See, *Lowery v. Alabama Power Co.* 483 F.3d 1184, at 1212 n.62 (11th Cir. (Ala.) 2007)(citing *Williams v. Safeco Ins. Co. of America*, 74 F.Supp.2d 925, 929 (W.D.Mo.,1999).

    6.    The removing defendant was served on March 3, 2006.

    7.    A copy of all process, pleadings, with attached exhibits served upon the Defendant is filed with this notice are attached hereto as Exhibit # 1.

    8.    Defendant will give written notice of the filing of this notice as required by 28 U.S.C. § 1446(d).

---

[1] The plaintiff previously filed a breach of contract, etc. action against this defendant that was likewise removed by defendant. *See*, U.S. Dist.Ct. N.D. Ala. CV-2006-639. No remand, nor objection to federal jurisdiction was raised by the plaintiff therein.

9.   A copy of this notice will be filed with the clerk of the Circuit Court of Jefferson County, Alabama, and served on all adverse parties as required by 28 U.S.C. § 1446(d), attached hereto as Exhibit # 2.

10.   Given that there is complete diversity of citizenship between the plaintiff and the defendant, and given that the amount in controversy exceeds the jurisdictional amount in 28 U.S.C. § 1332, this Court has original jurisdiction over plaintiff's claims. *See*, 28 U.S.C. §1332(a)(1). To the extent this Court lacks original jurisdiction over any of the plaintiff's claims, this Court has supplemental jurisdiction over said claims, because the claims form a part of the same case or controversy as claims within the Court's jurisdiction. *See*, 28 U.S.C. §1367(a).

WHEREFORE, PREMISES CONSIDERED, said Defendant desiring to remove this cause to the United States District Court for the Northern District of Alabama, Southern Division, prays that this Notice of Removal, the written notice thereof to the plaintiff, and the filing of a copy of this Notice of Removal with the Clerk of the Circuit Court of Jefferson County, Alabama shall affect the removal of said cause to this Court.

Respectfully submitted,

/s/ Tom E. Ellis

Tom E. Ellis ASB-9550-I66T
Attorney for defendants

OF COUNSEL:
Ellis & Bloom L.L.C.
300 Office Park Drive
Suite 206
Birmingham, Alabama
Telephone: (205) 870-5565
e-mail: tee@teelaw.com

## CERTIFICATE OF SERVICE

     I hereby certify I have caused a copy of the foregoing pleading to be served on counsel for all parties by placing copies thereof in the United States Mail, first class postage prepaid and properly addressed, on this the 24th day of March, 2008.

Cecil H. Macoy, Jr.
Mark Hogewood
Wallace, Jordan, Ratliff & Brandt, LL.C.
P.O.Box 530910
Birmingham, Alabama   35253


_____
Of Counsel